UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| GLENDA GIRARD, | ) |
| | ) |
|    Plaintiff, | ) |
| v. | )    Case No.: |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| | ) |
|    Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, GLENDA GIRARD ("Plaintiff" or "Girard), and files her Complaint against Defendant, WAL-MART ASSOCIATES INC., ("Defendant" or "Wal-Mart"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 *et seq.* ("FMLA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq.* ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with and retaliation for Plaintiff's lawful exercise of her rights under the FMLA and Defendant's unlawful discrimination and harassment against Plaintiff due to her association with a handicapped individual.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this District.

## PROCEDURAL REQUIREMENTS

5. Plaintiff has complied with all statutory prerequisites to filing this action.

6. On January 7, 2019, Plaintiff filed a charge of discrimination with Florida Commission on Human Relations ("FCHR").

7. Plaintiff's charge was filed within three hundred days after the alleged unlawful employment practices occurred.

8. On August 14, 2020, the Florida Commission on Human Relations issued to Plaintiff a Notice of Rights.

9. This complaint was filed within three-hundred and sixty-five days of the Florida Commission on Human Relations' issuance of its Notice of Rights.

## THE PARTIES

10. Plaintiff, Girard, is a citizen of the United States, and is and was at all times material, a resident of the state of Florida, residing in Citrus County, Florida.

11. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

12. Defendant, Wal-Mart, is a Foreign Profit Corporation with its principal place of business in Los Angeles, California but conducts business in this District.

13. Plaintiff worked for Defendant at multiple locations within Florida and at the time of her termination was working for Defendant at its 2461 E Gulf to Lake Hwy, Inverness, Florida 34453 location.

14. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

15. Defendant is an employer as defined by all the laws under which this action is brought and employs the requisite number of employees.

## FACTUAL ALLEGATIONS

16. Plaintiff began working for Defendant in August 2002 and following a brief period of leave beginning in late 2006 Plaintiff returned to work for Defendant in October 2007 as a Sales Associate. Prior to her constructive discharge Plaintiff was working in the role of Fitting Room Associate.

17. Plaintiff's husband has a serious medical condition and is disabled.

18. Defendant was on notice of Plaintiff's husband's serious medical condition.

19. Plaintiff sought and was approved to take protected medical leave intermittently under the FMLA to care for her husband.

20. Plaintiff used FMLA leave to care for her husband for several years without issue.

21. In or around March 2019, Plaintiff began reporting to a new supervisor, Tony Bethea and the work environment drastically changed.

22. Mr. Bethea questioned whether Plaintiff's absences should have been covered under the FMLA and he pressured her to work on days that she requested to take leave under the FMLA.

23. Mr. Bethea tried to discourage Plaintiff from taking leave under the FMLA and advised that he would have to rearrange the schedule to accommodate Plaintiff.

24. Under Plaintiff's previous supervisor, Losi Little, she was not discouraged from taking FMLA leave nor was she told that her use of leave was a problem for management or for schedule making.

25. Mr. Bethea began to retaliate against Plaintiff for her use of FMLA leave and made discriminatory comments regarding her use of leave.

26. In retaliation to her use of FMLA leave, Mr. Bethea began significantly reducing Plaintiff's hours.

27. Plaintiff approached Mr. Bethea about her reduced hours and in response he stated he was not going to schedule Plaintiff for any more hours as long as she continued to take time off under FMLA.

28. Mr. Bethea further commented that Plaintiff should "choose her job or her husband" referring to taking FMLA leave to care for her husband.

29. Mr. Bethea went as far as threatening to terminate Plaintiff if she continued to take FMLA leave.

30. Just *two weeks* after Mr. Bethea became Plaintiff's supervisor, he issued her a negative performance evaluation – this was unusual and contrary to Defendant's policy.

31. Prior to Mr. Bethea's supervision, Plaintiff had not received a write-up or a negative performance evaluation in her nearly 11 years as an employee. In

fact, Plaintiff was rated as a "Solid Performer" and a "Valued Performer" prior to working under Mr. Bethea's supervision.

32. Plaintiff discussed the negative performance evaluation with Ms. Little and Ms. Little informed Plaintiff that she did not give any input to the performance evaluation.

33. Plaintiff inquired to Mr. Bethea about the negative performance evaluation as Mr. Bethea was her supervisor for a mere two weeks. In retaliation, Mr. Bethea issued Plaintiff a verbal write-up.

34. When Plaintiff spoke to Mr. Bethea about how he was able to give her a review of the previous year when he had been the supervisor for such a short period of time, he informed Plaintiff that he had consulted with other department managers.

35. Furthermore, Mr. Bethea began his conversation about Plaintiff's performance by stating, "I know you have a lot going on with your husband."

36. Following the retaliatory write-up and discriminatory negative performance evaluation, in or around April 2019 Plaintiff complained to her Store Manager, Ed Shaw about the negative performance evaluation and write-up.

37. Defendant failed to take any remedial action in response to Plaintiff's complaints.

38. Plaintiff called Defendant's Ethics Helpline in late April 2019 and complained about her negative performance evaluation, Mr. Bethea's supervisor's harassment, and the retaliation she was experiencing for taking FMLA leave.

39. In May 2019, Defendant informed Plaintiff that it was upholding the negative performance evaluation.

40. Defendant continued to retaliate against Plaintiff by reducing her hours.

41. Similarly situated employees who were not/had not used FMLA leave were not subjected to similar retaliation.

42. In August 2019, after several months of Defendant reducing her hours and failing to address her concerns of discrimination and retaliation Plaintiff was left with no choice but to separate.

43. Plaintiff has been damaged by Defendant's illegal conduct.

44. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

<strong><u>Count I:</u></strong><br><strong>Interference in Violation of the FMLA</strong>

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

46. Plaintiff was an employee eligible for protected leave under the FMLA.

47. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

48. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

49. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count II:
### Retaliation in Violation of the FMLA

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

52. Plaintiff was an employee eligible for protected leave under the FMLA.

53. Defendant is and was an employer as defined by the FMLA.

54. Plaintiff exercised or attempted to exercise her rights under the FMLA.

55. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the FMLA.

56. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

57. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

## Count III:
### Handicap Based Discrimination in Violation of the FCRA

58. Plaintiff re-alleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

59. Plaintiff's husband was a qualified individual with a handicap under the meaning of the FCRA.

60. Defendant is prohibited under the FCRA from discrimination against Plaintiff because of her association with a handicap individual with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated the FCRA by discriminating against Plaintiff based on her association with a handicapped individual.

62. Defendant intentionally discriminated against Plaintiff on the basis of her association with a handicapped individual.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss

of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with the conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and punitive damages.

## Count IV:
### Retaliation in Violation of the FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

66. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

67. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

68. Defendant's conduct violated the FCRA.

69. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570

F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*